Richmond

## GEORGE ROBBERECHT SEAFOOD, INC.

v.

## MAITLAND BROTHERS COMPANY, INC.

June 8, 1979.

Record No. 771023.

Present: All the Justices.

C. Felix Cross, III (Donald K. Butler; Wells, Morano, Axselle, Johnson & Butler, on briefs), for appellant.

John A. Daly (Harold J. Goodman; Gerald Alch [Mass.], on brief), for appellee.

POFF, J., delivered the opinion of the Court.

This is an appeal from a judgment order entered April 28, 1977 granting defendant's motion for summary judgment on the pleadings.

George Robberecht Seafood, Inc. (plaintiff), filed an amended motion for judgment against Maitland Brothers Company, Inc. (defendant), seeking damages allegedly resulting from fraudulent representations and breach of warranties in the sale of

an airplane, including costs of repair, loss of use, and loss of a perishable cargo. Plaintiff, a seafood merchant, alleged that defendant, a construction company, represented that all inspections required by law had been made and noted in the airplane's log and that the airplane was airworthy, in perfect condition, and capable of transporting a cargo of 40,000 pounds a distance of 2,700 miles; that such representations were false representations of material facts; that defendant knew they were false; that defendant made them "for the express purpose of inducing the plaintiff to purchase said aircraft"; and that plaintiff relied upon defendant's representations in making the purchase.

Defendant denied the allegations of misrepresentation and filed a counterclaim seeking damages for plaintiff's use of defendant's credit card. Defendant filed as an exhibit with its answer an "Aircraft Delivery Receipt" memorializing the contract of sale. This document provided that it "shall not be extended, altered or varied except by written instrument", stated that the airplane is "accepted in 'As is Where Is' condition", and waived "all warranties, guaranties, conditions or liabilities", including all liability for direct and consequential damages.

The judgment order does not state the reason for the trial court's ruling. The reason, defendant believes, was that the trial court concluded that the parties intended the written contract to be the "final understanding and agreement with respect to the sale" and that the waivers and disclaimers it contained defeated plaintiff's cause of action. Pursuing that thesis, defendant argues that Code § 8.2-202 forbids the use of parol evidence to contradict the written contract; that Code § 8.2-316 excludes all implied warranties in a sale "as is"; that Code § 8.2-719, which authorizes contracting parties to "limit or alter the measure of damages recoverable", validates the covenants waiving all claims for damages; and that plaintiff was, therefore, bound by all the waivers and disclaimers written into the contract.

■ We find no merit in defendant's argument. Plaintiff's amended motion for judgment affirmatively alleged all of the elements of fraud in the inducement of a contract. *See Brame* v. *Guarantee Finance Co.*, 139 Va. 394, 408, 124 S.E. 477, 481 (1924). While, as defendant says, contracting parties may waive their contractual rights and disclaim or limit certain liabilities, a "false representation of a material fact, constituting an inducement to the contract, on which the purchaser had a right to rely, is always

ground for rescission of the contract by a court of equity." *Wilson v. Carpenter*, 91 Va. 183, 187, 21 S.E. 243, 244 (1895).

Fraud in the inducement of a contract is also ground for an action for damages in a court of law. *Jordan v. Walker*, 115 Va. 109, 117, 78 S.E. 643, 645 (1913). "When fraud in the procurement of the written contract is pleaded, parol evidence tending to prove the fraud is admissible", *Stevens v. Clintwood Drug. Co.*, 155 Va. 353, 359, 154 S.E. 515, 518 (1930), and the fact that such a pleading shows that a party intends to rely upon such evidence "would not render the [pleading] demurrable", *Larchmont Properties v. Cooperman*, 195 Va. 784, 791, 80 S.E.2d 733, 738 (1954).

■ A buyer can show that a contract of sale was induced by the seller's fraud, notwithstanding the fact the sale was made "as is". 1 R. Anderson, Uniform Commercial Code § 2-316:35 (2d. ed. 1970). The same is true even though the written contract contains covenants waiving warranties or disclaiming or limiting liabilities. "The express warranty, which purports to be 'in lieu of all other warranties' does not render the seller immune from fraud that induced the contract. The warranty stands no higher than the contract which is vitiated by the fraud." *Packard Norfolk v. Miller*, 198 Va. 557, 565, 95 S.E.2d 207, 213 (1956). *See also* 17 Am. Jur. 2d *Contracts* § 190 (1964).

■ Defendant argued at bar that plaintiff was estopped to challenge the waivers and disclaimers. From plaintiff's answers to defendant's interrogatories, defendant draws an inference that plaintiff employed the scrivener of the contract and, defendant contends, plaintiff cannot disavow the acts of its own agent. Defendant's argument fails for two reasons.

First, plaintiff's answers to the interrogatories support an alternative inference, *viz.*, that plaintiff, a Virginia corporation, merely selected a Virginia attorney to be employed by defendant, a foreign corporation. Upon a motion for summary judgment on the pleadings, the trial court must accept all inferences reasonably raised by the record which tend to support the right to trial on the issues. 73 Am. Jur. 2d *Summary Judgments* § 35 (1974).

■ Second, even when a party to a contract drafts the written document, he is not estopped to show that its terms were induced by the other party's fraud; it follows that he is not estopped when the document is drafted by his agent.

■ Plaintiff alleged that defendant made fraudulent representations of material facts and that the sale contract was induced by defendant's fraud. Defendant denied those allegations. "Summary judgment shall not be entered if any material fact is genuinely in dispute." Rule 3:18. We hold that the trial court erred in entering summary judgment on the pleadings, and we will reverse the judgment order and remand the case for a trial on the merits.

*Reversed and remanded.*