# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Maynard Lambert, Jr.

v.

Downtown Garage, Inc., et al.

October 23, 1998

Case No. CL98-357

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this case, the plaintiff seeks to recover for personal injuries sustained when the automobile that he bought from the defendants caught fire three months after the purchase. The defendants demurred to six of the seven counts contained in the plaintiff's thirty-page motion for judgment.

### Facts

The facts are summarized in an opinion letter dated November 25, 1997, issued in a companion case (# CL97-372), arising out of the same incident.

Because this case is before the court on demurrer, the court considers as true all material facts properly pleaded, facts impliedly alleged, and facts that can be fairly inferred from the allegations. *Luckett v. Jennings*, 246 Va. 303 (1993). From the plaintiff's pleading, the facts may be summarized as follows.

On September 19, 1995, Lambert and his mother purchased a 1988 Dodge from Downtown Garage, an auto body shop and licensed used car dealer. Co-defendant Johnson is an employee and agent of Downtown Garage.

Before buying the car, Lambert asked Johnson about the condition of the vehicle since "obviously" it had been recently repaired by Downtown Garage. In response, Johnson told Lambert that the car had sustained minor front end damage in a collision but had never been seriously damaged. Johnson also told Lambert that the damage had been repaired and he could vouch for the excellent condition of the car because he knew its previous owner. Two days later, Lambert purchased the car for $3,400.00, titling it in his mother's name.

Johnson "knew or should have known" that his statements were false and that the car had sustained extensive damage in a wreck, including damage to its gas tank and exhaust system. The bill of sale contains an "as is" provision. However, Johnson told Lambert that the car was "guaranteed for life of ownership" and that Downtown Garage would repair any problems that may arise.

About two months later, Lambert noticed that the electric doors and windows were operating sluggishly. He called Downtown Garage but could not get an appointment for repair until after the Christmas holidays.

On December 22, 1995, while Lambert was operating the vehicle, it caught fire. Lambert could not escape through the doors or windows because they were inoperable, until a passer-by kicked the driver's side door. Lambert was then able to get out of the car. He sustained serious injuries as a result of the fire.

Lambert first filed this action in 1996 (# CL96-364) alleging several theories of recovery. Trial was set for July 28-31, 1998. Before trial, Lambert suffered a nonsuit. This case is a reinstitution of that action.

Lambert also has another action pending in this court (# CL97-372) arising out of the same incident, against the same defendants, seeking relief under the Virginia Consumer Protection Act. In that case, the court sustained the defendants' demurrer to the original motion for judgment (opinion letter of November 25, 1997) but overruled the defendants' demurrer to an amended motion for judgment (opinion letter of July 28, 1998).

The court heard arguments on the demurrer in this case on September 21, 1998, and took the matter under advisement.

*Demurrer to Count I*

Count I alleges fraud.

First, the defendants contend that personal injury damages are not available for fraud.

Although fraud may more commonly be used as a ground for equitable relief, it is well settled that it can be the basis of an action for damages at law. See 8B M.J., *Fraud and Deceit*, § 46. Fraud is a tort. *Jefferson Standard Life v. Hendrick*, 181 Va. 824 (1943). As explained by the Supreme Court: "The wrongful act is aimed at the person, and, when sued upon at law, fraud will support a recovery for financial damage personal to the individual." *Pigott v. Moran*, 231 Va. 76 (1986). Also see *Alexander v. Kuykendall*, 192 Va. 8 (1951).

Therefore, the defendants' contention that only *ex contractu* damages, not personal injury damages, are available in an action for fraud, is without merit.

Second, the defendants assert that Count I is defective because it seeks only punitive damages, without any prayer for compensatory damages. In response, the plaintiff says that Count I must be read in conjunction with the general prayer for relief at the conclusion of the pleading. The court agrees. The plaintiff's "prayer for relief" at the conclusion of the motion for judgment (page 29) seeks compensatory and punitive damages "as to all counts."

Third, the defendants contend that the plaintiff was not the purchaser of the vehicle and therefore "lacks standing." The court ruled adversely to the defendants on this point in the companion case (# CL97-372) and will rule similarly here. As noted above, on demurrer, the court considers as true all material facts alleged in the motion for judgment. The plaintiff alleges that he purchased the car and that he was the owner and operator of the car. At this stage, the plaintiff's claim of ownership must be accepted as true.

Next, the defendants assert that fraud is negated by the fact that the car was sold "as is." In order to accept the proposition urged by the defendants, the court would be compelled to hold that there is no fraud in the inducement if the writings related to the transaction are contrary to the parol misrepresentations that induced the purchaser to enter into the transaction. The court rejects the argument. In fact, it has been held that even when a party to a contract drafts the "as is" document, he is not denied the opportunity to show that its terms were induced by the other party's fraud. *Robbercht Seafood v. Maitland Bros.*, 220 Va. 109 (1979).

Finally, the defendants contend that Count I is defective because it fails to state a causal connection between the misrepresentations and the plaintiff's injury.

In the companion case (# CL97-372), the court issued a letter opinion dated July 28, 1998, finding that the plaintiff's amended motion for judgment in that case alleged sufficient facts to overcome the causation deficiencies that made the original pleading demurrable. (See opinion letter of November 25, 1997.) The factual assertions in this case track the allegations set forth in the plaintiff's amended motion for judgment in # CL97-372. Thus, for the same reason, the court finds that the causation allegations are sufficient here.

Therefore, the defendants' demurrer to Count I will be overruled.

### Demurrer to Count II

In Count II, the plaintiff alleges a violation of Virginia Code § 46.2-1602(A). The defendants' demurrer challenges the applicability of the statute to the facts of this case.

Section 46.2-1602(A) is part of the Salvage Vehicles Act. Subsection (3) of that statute makes it unlawful for any person to sell a nonrepairable vehicle to one who is not a scrap metal processor or licensed as a salvage dealer, demolisher, or vehicle remover operator. A nonrepairable vehicle is defined as a vehicle which has no value except for use as parts and scrap metal and is inoperable.

Considering all factual allegations set forth in the motion for judgment as a whole, the court agrees with the defendants that the vehicle was not a nonrepairable vehicle. As the plaintiff himself declares in his pleading, the automobile was in working order when he purchased it and, in fact, he operated it for about three months until the fire. It would be contrary to common sense to hold that such a vehicle falls within the statutory definition of "nonrepairable" at the time the plaintiff purchased it from the defendants.

Further, the court is of the opinion that the Salvage Vehicles Act does not create an independent cause of action for recovery of personal injury. Violation of the Act is a class 1 misdemeanor, Virginia Code § 46.2-609, and the court can find no other provisions of the Act that can be construed as creating a separate and independent private action.

For these reasons, the demurrer to Count II will be sustained.

### Demurrer to Counts III and IV

The plaintiff alleges in Counts III and IV that Johnson, on behalf of Downtown Garage, expressly represented that Downtown Garage "would repair the defective door locks and windows." This representation, the plaintiff

says, is an express warranty at common law and under Virginia Code § 8.2-313, which the defendant breached thereby causing the plaintiff's injury.

The defendants contend that these allegations do not give rise to an express warranty as defined in the U.C.C. or at common law.

This court agrees with the defendants.

Every promise made by a seller to a purchaser in the course of a sale of goods is not a "warranty." In the context of sales, a warranty relates to the quality of the goods and their freedom from claims of others. See 3C M.J., *Commercial Law*, § 13. Stated differently, a warranty in sales is an assurance by seller to purchaser that the thing sold is as represented. Under the U.C.C., an express warranty is an affirmation of fact or a promise that the goods conform to the affirmation or promise. Virginia Code § 8.2-313.

The whole purpose of the law of warranty is to determine what it is that the seller has in essence agreed to sell. Official U.C.C. Comment 4, § 8.2-313.

The promise here, according to the motion for judgment, is that the buyer would repair any problems that might arise. Later, the defendants allegedly promised specifically to repair the door locks and windows. Those promises contained no affirmation of fact or assurance about the description, value, or quality of the car. Rather, they were promises to *do* certain things in the future.

Because the plaintiff has alleged no express warranty, the defendants' demurrer to Count III and Count IV will be sustained.

### Demurrer to Count V

In Count V, the plaintiff asserts that the defendants, in the business of selling used vehicles, impliedly warranted the car to be of good workmanship, free from defects, safe, and fit for the purpose for which it was sold.

By the written terms of the parties' transaction, the car was sold "as is." All implied warranties are excluded by such a specific expression. Virginia Code § 8.2-316(3). Such a term in ordinary commercial usage is understood to mean that the purchaser takes the entire risk as to the quality of the goods involved. Official U.C.C. Comment 7, § 8.2-316.

Because the defendants excluded all implied warranties in the bill of sale, the demurrer to Count V will be sustained.

### Demurrer to Count VI

The plaintiff alleges, under the heading "Negligence in Repair of Used Automobile," that *before* the defendants sold the vehicle to the plaintiff, they

failed and neglected to make repairs which they should have made and delivered the car to the plaintiff in a dangerous and defective condition.

These allegations do not set forth a cause of action distinct from the claims alleged in the earlier counts. The defendants had no abstract duty to repair the vehicle before selling it; rather, that duty must be found in some cognizable cause of action such as contract, warranty, or fraud.

Thus, the court agrees with the defendants that Count VI does not state an actionable claim. In fact, it adds nothing to the case except verbiage. The demurrer to Count VI will be sustained.

### Demurrer to Count VII

The plaintiff makes a separate claim for property damage in Count VII. The defendants' demurrer addresses ownership, a point disposed of previously in this opinion.

Therefore, the defendants' demurrer to Count VII will be overruled.

### Conclusion

This is a fraud case. The plaintiff has alleged sufficient facts in his motion for judgment with regard to that claim. He has failed to state facts that entitle him to recover under any other theory, for the reasons explained above.