# CIRCUIT COURT OF THE CITY OF RICHMOND

Albertina S. Merriman
And Cassandra S. Merriman

v.

Auto Excellence, Inc.,
C. L. Hyman Auto Wholesale, Inc.,
and Page Dodge, Inc.,
t/a Mechanicsville Dodge

June 18, 2001

Case No. LF-2580-1

BY JUDGE MELVIN R. HUGHES, JR.

In this case, a seller of a used motor vehicle, one of three defendants in a chain of sellers before the ultimate seller sold the vehicle to plaintiffs, demurs to plaintiffs' Third Amended Motion for Judgment. The demurring seller is Page Dodge, t/a Mechanicsville Dodge.

On demurrer, the court is called on to examine the pleadings to determine whether the facts alleged, and any reasonable inferences from them, give rise to a cause of action. *See Cox Cable Hampton Rds. v. City of Norfolk,* 292 Va. 394, 397 (1991).

The gravamen of plaintiffs' claim is for money damages arising from the purchase of an automobile which was represented in good condition, that is as never having been involved in an accident. As to Mechanicsville Dodge, the allegation is that this defendant sold the vehicle to another defendant, C. L. Hyman Auto Wholesale, which in turn sold it to defendant Auto Excellence which in turn sold the vehicle to plaintiffs. Mechanicsville Dodge demurs on the grounds that there is no privity between it and plaintiff and that the statute

of limitations bars the Virginia Consumer Protection Act and common law fraud claim.

Because plaintiffs' claim is brought under the Virginia Consumer Protection Act (the Act), lack of privity is not available as a defense nor is the statute of limitations given the times mentioned involving the sale and the filing of the suit. See Va. Code § 8.01-230. There is also no bar of the statute of limitations as to fraud because of the same times mentioned concerning the fraudulent acts and their discovery under § 8.01-249. The court accepts the argument and reasons advanced by the plaintiffs in their *Memorandum of Law in Response to Demurrer of Page Dodge, Inc.* on these points.

In its Demurrer and Motion to Dismiss, the defendant also argues that a transaction between dealers does not fall within the purview of the Virginia Consumer Protection Act. Section 59.1-200 provides that certain "[f]raudulent acts or practices committed by a supplier in connection with a consumer transaction" are unlawful. In part, a consumer transaction is defined as "[t]he advertisement, sale, lease or offering for sale or lease, of goods or services to be used primarily for personal, family or household purposes." *See* Va. Code § 59.1-198. The same section defines a supplier as "[a] seller or lessor who advertises, solicits or engages in consumer transactions, or a manufacturer or distributor who advertises and sells or leases goods or services to be resold or leased by other persons in consumer transactions." The language of the statute does not seem to limit protection only to those transactions that occur directly between a supplier and the ultimate consumer. Moreover, the General Assembly has said that its intent is to apply the Act as "remedial legislation to promote fair and ethical standards of dealings between suppliers and the consuming public." The Demurrer and Motion to Dismiss, therefore, are overruled in this respect.

Mechanicsville Dodge also contends that because its sale to Hyman was "as is" that this avoids any claim for fraud. The court disagrees. There is authority in Virginia that a party to an "as is" transaction cannot be denied a fraud claim based on such an inducement to consummate the transaction. *See Robberecht Seafood, Inc. v. Maitland Bros. Co.,* 220 Va. 109 (1979).

Accordingly, the demurrer is overruled.