# CIRCUIT COURT OF FAIRFAX COUNTY

Roger C. Grooms

    v.

Charles Capets
and Karen Capets

June 27, 2006

Case No. CL-2005-7355

BY JUDGE JONATHAN C. THACHER

This matter came on March 3, 2006, for a hearing on Defendant's Motion Craving Oyer and Demurrer. After considering counsels' arguments and briefs and reviewing the applicable law, the Court reaches the findings and conclusions stated below.

## I. *Background*

This case involves a sale of a property. Plaintiff Roger C. Grooms entered in to a Regional Sales Contract with Defendants Charles and Karen Capets on or about May 4, 2005, purchasing a single family home located at 6103 Sherborn Lane, Springfield, Virginia 22152. Motion for Judgment, ¶ 1.

Prior to signing the contract, Mr. Grooms met with the Mr. and Mrs. Capets at the home for an inspection. During the inspection of the home, Mr. Grooms inquired if the home had ever had water problems in the basement. Mr. Capets allegedly replied "no." Motion for Judgment, ¶ 2. Mr. Grooms then inquired as to the purpose of the sump pump in the basement. Mr. Capets

allegedly replied that the pump was solely to drain condensation from the air conditioner. Mr. Grooms's wife, Mrs. Grooms, then advised Mr. and Mrs. Capets that the Grooms family was very sensitive to water and mold issues. She then inquired if there had ever been a water problem in the house. Mr. Capets again replied "no." Motion for Judgment, ¶ 2. Mrs. Capets was present for the entire discussion but said nothing.

As a result of Mr. Capets's assurances, Mr. Grooms bought the house above asking price believing that the house would be water and mold free. After a moderate rain, the basement flooded. Upon removal of the carpet and wallboard, a French drain system was discovered in the basement. Also, upon removal of the carpet and wallboard, evidence was found of extensive mold, dampness, and long term water infiltration into the basement existed.

The continuous water infiltration was known by the Mr. and Mrs. Capets who, upon sale of the house, included in a package of papers a warranty with a waterproofing company covering work performed trying to manage the water leakage. It was also discovered that the previous homeowners specifically told Mr. and Mrs. Capets about the long term existence of water problems in the home. Motion for Judgment, ¶ 5.

Mr. Grooms filed his Motion for Judgment on this matter on November 22, 2005. The Motion alleges fraud against Mr. and Mrs. Capets, jointly and severally, in misrepresenting material aspects of the property. Mr. Grooms seeks $135,000 in compensatory damages for expenses to repair the home, loss of use of the home for approximately two months, and diminution in property value.

## II. *Discussion*

Mr. and Mrs. Capets assert multiple theories in support of their demurrer. The first two concern the terms of the Regional Sales Contract and the third Mr. Grooms's inspection of the house. Mr. and Mrs. Capets also alleges that Mr. Grooms has failed to state a claim against Mrs. Capets and that this claim cannot be based on misrepresentations made to Mrs. Grooms who is not a party to the case.

A central issue to all claims is whether Mr. Capets committed fraud or active misrepresentation during Mr. Grooms's inspection of the house. "A party alleging fraud must prove by clear and convincing evidence (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead (5) reliance on the party misled and (6) resulting damages to him." *Van Deusen v. Snead*, 247 Va. 324, 327, 441 S.E.2d 207 (1994). On demurrer, the court must consider the pleading in the light most

favorable to the plaintiff. *W. S. Carnes, Inc. v. Board of Supervisors*, 252 Va. 377, 384, 478 S.E.2d 295 (1996). "When a motion for judgment or a bill of complaint contains sufficient allegations of material facts to inform a defendant of the nature and character of the claim, it is unnecessary for the pleader to descend into statements giving details of proof in order to withstand demurrer." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277 (1993). If all of Mr. Grooms's assertions are considered true for the purposes of this demurrer, then, in the instant case, Mr. Capets made a false representation about the use of the sump pump to Mr. Grooms. Mr. Capets knew this false representation to be material due to his conversation with Mrs. Grooms. This assertion was made knowingly, being that Mr. and Mrs. Capets knew of the water leakage in the basement and the true use of the sump pump. Mr. and Mrs. Capets intentionally mislead Mr. Grooms in attempt to sell the property. Mr. Grooms showed reliance on Mr. Capets's assertion by purchasing the house above asking price. As a result, Plaintiff has sustained monetary damages. Therefore, Mr. Capets, for purposes of this demurrer, made fraudulent material misrepresentations concerning the home.

A. *The claim is not barred by the express terms of the Regional Sales Contract.*

1. *Merger Clause*

Defendants claim that the merger clause contained within the Regional Sales Contract bars Mr. Grooms's bringing this action. Mr. and Mrs. Capets claim that the merger doctrine indicates that the parties expect the written contract to be the sole embodiment of their dealings and therefore any misrepresentations made by Mr. Capets prior to the signing of the contract are not applicable. Contrary to Defendants' claim, if a fraudulent misrepresentation occurs prior to signing a contract, a merger clause in the contract does not bar a plaintiff's suit.

While a plaintiff may waive contractual rights and disclaim or limit certain liabilities, a misrepresentation of a material fact constituting an inducement to the contract on which the buyer had a right to rely is always grounds for an action for damages. *George Robberecht Seafood v. Maitland Brothers Co.*, 220 Va. 109, 111-112, 255 S.E.2d 682 (1979) (citations omitted). The evidence of misrepresentation can be presented despite the merger clause because, when fraud in the procurement of the written contract is pleaded, parol evidence tending to prove the fraud is admissible. *Id.* at 112 (citations omitted). Finally, the fact that Plaintiff's pleading relies on the admissibility of such testimony does not render the pleading demurrable. *Id.*

Accordingly, if all of Mr. Grooms's assertions are taken as true, he has sufficiently stated a cause of action that is not barred by the merger clause of the Regional Sales Contract.

### 2. Disclaimer

Mr. and Mrs. Capets also claim that their Residential Property Disclaimer Statement nullifies any oral statements made to the Mr. Grooms in that the property was sold "as is." Mr. and Mrs. Capets assert that, if Mr. Grooms truly relied on Mr. Capets's assertion about water leakage, he should have written such information into the contract. The Defendants are incorrect. Disclaimers do not protect a seller from liability for false representation of material fact, on which the purchaser had a right to rely, designed to induce the buyer to enter a contract, and the misrepresentations are grounds for an action for damages. *See George Robberecht Seafood*, 220 Va. at 112; *Hitachi Credit America Corp. v. Signet Bank*, 166 F.3d 614, 630 (4th Cir. 1999).

Again, assuming that all of Mr. Grooms's allegations are true for the purposes of this demurrer, the misrepresentation was reasonable to rely upon and was clearly made to induce the Mr. Grooms to purchase the property. The misrepresentation is also material because Mr. Capets was on notice that water leakage would dissuade Mr. Grooms from purchasing the home. Accordingly, the disclaimer does not bar an action for damages.

### B. *Plaintiff's inspection of the property does not bar the action.*

Mr. and Mrs. Capets claim that Mr. Grooms's partial inspection of the property bars this action because Mr. Grooms did not make a full and complete inspection and discover the true use of the sump pump. Defendants selectively quote *Horner v. Ahern*, 207 Va. 860, 864, 153 S.E.2d 216 (1967), and claim that, if the information is equally discoverable by both parties, the burden falls on the plaintiff to exhaust his remedies to find defects in the property. *Horner* in fact goes on to say that:

> there is a very important exception to the rule that a purchaser is bound to discover the true condition for himself if he has information which would excite the suspicions of a reasonable prudent man. That exception is that the vendor must not say or do anything to throw the purchaser off his guard or to di vert him from making the inquiries and examination which a prudent man ought to make.

*Horner*, 207 Va. at 864. *Horner* was reaffirmed when the Supreme Court of Virginia held that a seller's assertion that there were no defects relating to a septic system in a home discharged the purchaser from having to further inspect the system for defects. *Armentrout v. French*, 220 Va. 458, 466, 258 S.E.2d 519 (1979).

Assuming Mr. Grooms's allegations are true, in the instant case, Mr. Capets intentionally misrepresented the use of the sump pump and the past water leakage in the house. Consequently, Mr. Grooms was discharged from his duty of making a full and complete inspection of possible water leakage in the home and the use of the sump pump due to Mr. Capets's assurances that there was no leakage and the sump pump was only used to drain condensation from the air conditioner. Therefore, Mr. Grooms's partial inspection does not bar this action.

## C. *Plaintiff has sufficiently stated a cause of action against Defendant Karen Capets.*

Defendants next claim that Mr. Grooms fails to state a claim in alleging that Mrs. Capets was witness to Mr. Capets's alleged misrepresentations. Defendants are again incorrect. The Supreme Court of Virginia adopted the *Restatement (Second) of Contracts*, § 160, which states that "[a]ction intended or known to be likely to prevent another from learning a fact is equivalent to an assertion that the fact does not exist." *Van Deusen v. Snead*, 247 Va. at 328. Further, "A contracting party's willful nondisclosure of a material fact that he knows is unknown to the other party may evince an intent to practice actual fraud." *Spence v. Griffin*, 236 Va. 21, 28, 372 S.E.2d 595 (1988) (citations omitted).

In the instant case, assuming all of Mr. Grooms's allegations are true, Mrs. Capets knew that her husband misrepresented the true purpose of the sump pump and that he misrepresented the history of water leakage. In this case, Mrs. Capets's act of remaining silent prevented Mr. Grooms from discovering the truth about the sump pump and water leakage. Therefore, Mr. Grooms has, at this stage, sufficiently stated a claim against Mrs. Capets.

## D. *Plaintiff does not rely on assertions made to Plaintiff's wife.*

Defendant's final claim is that Mrs. Grooms is not a party to the suit and therefore any statement made by Mr. Capets to Mrs. Grooms should be stricken as a basis of recovery. Although Mrs. Grooms was not acting as an

agent during negotiations, the assertions made to Mrs. Grooms are not the sole basis for this action. Mr. Capets asserted material misrepresentations to Mr. Grooms about the history of water leakage and the use of the sump pump. Accordingly, Mr. Capets's assertions to Mrs. Grooms are not the sole basis for this cause of action and Mr. Grooms is not relying on Mr. Capets's assertion to Mrs. Grooms for recovery.

### III. *Conclusion*

Defendant's Demurrer is hereby overruled. Defendant's Motion Craving Oyer, which is unopposed, is granted.