# CIRCUIT COURT OF THE CITY OF NORFOLK

R. T. Atkison
Building Corp.

v.

Archer Western
Construction, L.L.C.,
and Traveler's Casualty
Surety Co. of Am.

May 5, 2015

Case No. CL 15-488

BY JUDGE JUNIUS P. FULTON, III

This matter concerns a claim filed by R. T. Atkison Building Corp. (RTA), a sub-contractor involved in the construction of the Samuel Slover Library against the principal of that contract, Archer Western Construction, L.L.C. (Archer Western) for payment under a payment bond pursuant to Virginia Public Procurement Act § 2.2-4341 ("Little Miller Act"). Defendant Traveler's Casualty Surety Company (Traveler's) issued surety on the payment bond. Defendant Archer Western and Traveler's assert that the Little Miller Act notice provision bars RTA's claim and, consequently, move for summary judgment.

The critical issue in this case is the determination of what does it mean to "give notice" pursuant to the Little Miller Act. However, before reaching this issue, the Court must address two peripheral issues raised by the parties. First, the Court will not consider the subcontract attached as Exhibit B to Defendants' Motion for Summary Judgment because the first page of that exhibit states "it is applicable to all work performed in 2013." RTA performed all of the work at issue in this case in 2014. Due to this limitation, Defendants' argument that the subcontract provision regarding notice being defined as the date of receipt will not be considered.

Second, the Court will not consider RTA's claim for retainage. In Exhibit 2 of the Plaintiff's Complaint, RTA provided a "Payment Application." On that document, Plaintiff assessed the total retainage as $0.00. Accordingly, no issue of fact remains concerning the amount of retainage.

With those issues eliminated, the Court considers the heart of this case: (i) whether notice is "given" when it is mailed or when it is received; and (ii) whether the Court may consider a USPS tracking history report attached as "Exhibit A" to Defendants' Motion for Summary Judgment.

Determination of the issue of when notice is given concerns an issue of statutory construction. The General Assembly allows "[a]ny claimant who has a direct contractual relationship with any subcontractor but who has no contractual relationship, express or implied with the contractor" to bring an action on the contractor's payment bond. Va. Code § 2.2-4341(B). A claimant may only bring their claim "if he has given written notice to the contractor within 90 days... ." Va. Code § 2.2-4341(B). The Code provides that "[n]otice to the contractor shall be served by registered or certified mail... ." Va. Code § 2.2-4341.

The focus of this case is the meaning of "given written notice." "[C]ourts apply the plain language of a statute unless the terms are ambiguous, or applying the plain language would lead to an absurd result." *Boyton v. Kilgore*, 271 Va. 220, 227 (2006) (citations omitted). Moreover, when "the statute's terms are undefined, those words are given their 'ordinary meaning,' in light of 'the context in which [they are] used'." *Virginia Marine Res. Comm'n v. Chincoteague Inn*, 287 Va. 371, 384 (2014) (citation omitted).

"Ambiguity exists if the text can be 'understood in more than one way or refers to two or more things simultaneously [or] when the language is difficult to comprehend, is of doubtful import, or lacks clearness or definiteness'." *Boyton v. Kilgore*, 271 Va. 220, 227, 623 S.E.2d 922, 926 (2006) (quoting *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985) (citation omitted)). "The phrase 'absurd result' is used 'to describe situations in which the law would be internally inconsistent or otherwise incapable of operation'." *Id.* at 227, 623 S.E.2d at 926 (quoting *Cook v. Commonwealth*, 268 Va. 111, 116, 597 S.E.2d 84, 87 (2004)).

As Defendants point out, one federal court has already interpreted identical language in a nearly identical federal statute. See *Pepper Burns Insulation, Inc.*, 970 F.2d at 1343. In that case the Fourth Circuit found that the language "giving written notice" required receipt of the notice by the contractor. *Id.* at 1343. The court reasoned that "given" means "put in the possession of the contractor." *Id.* at 1343. In that case, the court noted that Congress could have chosen different language, i.e., "upon written notice" or "upon mailing written notice," to allow mailing to satisfy the notice requirement. *Id.* at 1343.

Similarly, the General Assembly mandated that notice, for claims under the Little Miller Act, must be "given" within ninety days. In an attempt to distance itself from *Pepper Burns*, RTA finds it significant that the Little Miller Act only provides one method of service. Specifically, "[n]otice ... shall be served by registered or certified mail... ." Va. Code § 2.2-4341(B). RTA believes that, because the Little Miller Act only provides for service

of notice by mailing, "given" must mean that notice is satisfied when it is mailed.

Interestingly, the Fourth Circuit addressed this argument in *Pepper Burns*. There, the court found that the inclusion of mailing as a permissible method of service fails to indicate that mere mailing satisfies the statutory prerequisite. *Pepper Burns Insulation, Inc.*, 970 F.2d at 1343. Like *Pepper Burns*, I conclude that the mere mention of mailing as a method of service fails to establish that mailing satisfies the statutory prerequisite to "give" notice. To find otherwise would not provide for the level of certainty that the legislation was intended to give to prime contractors and is a reasonable construction which allows the Little Miller Act to effect its remedial purpose. Accordingly, this Court finds that notice is "given" when the contractor receives notice from the claimant.

Having determined that the Little Miller Act requires notice to be delivered, the inquiry shifts to when delivery occurred in this case. Defendants contend that Archer Western received notice on October 24, 2014, two days after the ninety day period. To date, the only evidence offered to establish the date of delivery, consists of a United States Postal Service "Product Tracking Information" report attached as Exhibit A to Defendants' Motion for Summary Judgment.

RTA contends that the issue of when delivery occurred remains in dispute because it has not pleaded or admitted that delivery occurred on October 24, 2014. Additionally, RTA argues that the Court cannot grant summary judgment based on Exhibit A because it is not a stipulated document, not admitted to, not made a part of the pleadings, and is otherwise not in evidence.

In Virginia, "[a]ny party may make a motion for summary judgment at any time after the parties are at issue." Va. Sup. Ct. R. 3:20. The Court may only grant summary judgment if the moving party is entitled to judgment and there are no material facts genuinely in dispute. When making this determination, it must be apparent from "the pleadings, the orders, if any, made at a pretrial conference, [or] the admissions, if any, in the proceedings." Va. Sup. Ct. R. 3:20.

It has been noted that "the Virginia summary judgment rule inexplicably fails to acknowledge the propriety of using contractual documents, notices, and other contemporaneous exhibits arising from the litigated transaction as part of the summary judgment motion procedure." Kent Sinclair, "Summary Judgment: A Proposal for Procedural Reform in the Core Motion Context," 36 *Wm. & Mary L. Rev.* 1633, 1701 (1995). While properly authenticated documents and other exhibits are presumably admissible at trial, the Court cannot find any authority for granting summary judgment based on unauthenticated documents attached to a motion for summary judgment.

"Exhibit A" which is attached to the Defendant's Motion for Summary Judgment purports to be the certified mail receipt/return and United States

Postal Service tracking history. This accompanying exhibit is a pleading within the meaning of Va. Sup. Ct. R. 3:18(A) and 1:4(i). However, RTA argues that the date derived from Exhibit A is not admitted to nor stipulated to.

Defendants counter that the "Supreme Court has made it clear that a circuit court may grant summary judgment based on a controlling document when that document unambiguously shows that the moving party is entitled judgment as a matter of law." (Reply at 2 (citing, *Leeman v. Troutman Builds, Inc.*, 260 Va. 202, 206 (2000).) Moreover, Defendants cite two Virginia Supreme Court cases to show that the Court can rely on exhibits to pleadings when deciding a motion for summary judgment.

First, in *Murphy v. Holiday Inns, Inc.*, 216 Va. 490, 219 S.E.2d 874 (1975), a plaintiff filed an action against a motel seeking damages for personal injuries she sustained while she was a guest at the motel. The plaintiff alleged that the defendant owned and operated the motel and, therefore, was liable, under an agency theory, for plaintiff's slip and fall on the premises. The defendant filed a motion for summary judgment arguing that it merely had a license agreement with the motel that permitted the motel to use the defendant's name. The defendant filed the license agreement as an exhibit with its motion for summary judgment. In that case, the Court determined that "[t]he facts determinative of agency were those contained in the license agreement, none of which was in dispute." *Id.* at 492, 219 S.E.2d at 876-77.

Next, in *George Robberecht Seafood, Inc. v. Maitland Brothers Co.*, 220 Va. 109, 255 S.E.2d 682 (1979), plaintiff appealed an order "granting defendant's motion for summary judgment on the pleadings." *Id.* at 110, 255 S.E.2d at 682. In that case, plaintiff bought an airplane from defendants and became unsatisfied with the plane's performance. The plaintiff filed suit alleging fraud in the inducement of the contract. The defendant denied all the allegations of misrepresentations and filed as an exhibit with its answer a receipt memorializing the contract of sale. The receipt essentially disclaimed liability and stated that the airplane was bought "as is." The trial court granted summary judgment and the Virginia Supreme Court reversed. The Court held that whether the defendant made fraudulent misrepresentations remained in dispute. Although the receipt deemed the sale "as is," fraudulent inducement to the contract is always a ground for rescission. *Id.* at 112, 255 S.E.2d at 683.

However, unlike the circumstances in those cases, RTA contests the admissibility of the exhibits in this case. Defendants attempt to remedy this by submitting an affidavit from Sherri L. Parsons, a paralegal at defense counsel's firm, stating that she "accessed the official website for the United States Postal Service at www.usps.com and downloaded the "Product & Tracking Information" for the package carrying certified mail receipt number 7013 3020 0000 1686 8333. Defendants further maintain

that Exhibit A is admissible on summary judgment both as a controlling document on the issue of delivery and as a hearsay exception under Rule 2:803(8).

Essentially, Archer Weston seeks to formally authenticate and admit evidence through an affidavit at the summary judgment phase of the proceedings. "The prevailing wisdom in Virginia is that affidavits are not admissible on summary judgment." Kent Sinclair, "Summary Judgment: A Proposal for Procedural Reform in the Core Motion Context," 36 *Wm. & Mary L. Rev.* 1633, 1692 (1995).

Here the facts referenced in the exhibit are contested as to admissibility and authenticity. RTA has not admitted that actual delivery occurred on October 24, 2014, and, while the tracking report may show when delivery occurred, because this crucial issue is not admitted nor stipulated to, this battle over admissibility and authenticity will have to be resolved at trial.

Accordingly, because this material fact remains at issue, the Defendant's motion for summary judgment will be denied.