# CIRCUIT COURT OF ROCKINGHAM COUNTY

Estate of
Naomi F. Curry

v.

Jon E. Anderson et al.

January 14, 2010

Case No. CL09-000295

BY JUDGE THOMAS J. WILSON, IV

This matter came before the Court on defendants' demurrer to plaintiff's complaint. Having heard oral argument and reviewed the applicable law, the Court now rules as follows.

### I. Misjoinder/Misnomer

Defendant argues that the complaint should be dismissed for misjoinder because the estate of a person cannot bring a suit. Under *Estate of James v. Peyton*, 277 Va. 443 (2009), "the party filing a civil action has an obligation to express the nature of the claim being asserted, and the identity of the party against whom it is asserted, in clear and unambiguous language so as to inform both the court and the opposing party of the nature of the claim being made." *Id.* at 450 (citing *Ford Motor Co. v. Benitez*, 273 Va. 242 (2007)). "In determining the adequacy of a pleading to identify a party, we consider the pleading as a whole. Thus, whether a party named in a caption is a proper party to the action is to be determined

not merely by how that party is identified in the caption of the pleading, but by the allegations set forth within a pleading that identify that party more specifically." *Id.* at 455 (citing *McCormick v. Romans*, 214 Va. 144 (1973)).

Examining the pleading as whole and not merely based on the caption, the Court finds that Ricardo O. Curry, as executor of the Estate of Naomi F. Curry, was properly named in the pleading. The first sentence of the complaint reads: "The Executor of the Estate of Naomi F. Curry (Ms. Curry) brings this action. . . ." (Pl. Compl. 1.) Whereas in *Peyton*, "nothing in the body of the pleading clearly identifies [the personal representative] in his capacity as administrator of James' estate," here the first sentence of the pleading gives clear notice to the defendants that Ricardo Curry, as executor, is the plaintiff, by stating "The Executor ... brings this action." Read as a whole, the pleading provides notice to the defendants of the party suing them. The style and reference to the plaintiff being "the estate of a former resident of Harrisonburg" are instances of misnomer. Therefore, defendants' demurrer is overruled as to this ground.

## II. Constructive Trust

Defendants next argue that the complaint fails to state a claim for imposition of a constructive trust because plaintiff has not alleged any grounds of injustice that would necessitate its imposition. In Virginia:

> Constructive trusts arise, independently of the intention of the parties, by construction of law; being fastened upon the conscience of him who has a legal estate, in order to prevent what otherwise would be a fraud. They occur not only when property has been acquired by fraud or improper means, but also where it has been fairly and properly acquired, but it is contrary to the principles of equity that it should be retained, at least for the acquirer's own benefit.

*Leonard v. Counts*, 221 Va. 582, 589 (1980). The complaint sets out facts, which, if true, show inequitable, improper, and illegal conduct that would merit a constructive trust under *Leonard*. For instance, the plaintiff alleges that the defendants misled Ms. Curry regarding the true cost of the $14,457.36 that she received, which netted her a loss of approximately $100,000 of equity. Plaintiff alleges that defendant misled her, in part, by claiming that God was using him to perform a miracle to help her save her

home. Under the principles of equity, including fraud, overreaching, and unconscionability, the alleged facts in the complaint set out a claim for the imposition of a constructive trust.

## III. Fraud

The defendants argue that the complaint fails to state a claim for fraud for two reasons. First, they argue that the allegations sound in contract, not in tort, under *Yuzefovsky v. St. John's Wood Apts.*, 261 Va. 97 (2001). In *Yuzefovsky*, the defendant landlord assured the plaintiff that the premises were safe and crime-free, and plaintiff signed a leasehold contract and became a tenant. More than a year and a half later, a third party shot the plaintiff with a sawed-off shotgun and stole his car. Plaintiff alleged fraud against the landlord based on the misrepresentation regarding safety of the premises. The defendant argued "that, at best, the allegations constitute a claim for fraudulent inducement to enter into a contract and that the damages resulting from the criminal assault more than a year and half after the alleged act of fraud are too remote to give rise to liability." *Id.* at 111.

The Supreme Court of Virginia agreed with the defendant. *Id.* Applying the source-of-duty rule from *Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 558 (1998), the Court found that "the duty to refrain from making these statements relates to the contract Yuzefovsky was induced to sign, and not from a common law duty." *Id.* at 112. In other words, the landlord's false statements caused the plaintiff to sign a leasehold contract, not to get him shot. The violent actions of an unrelated third party a year and a half later were too remote in time to be a direct result of the signing of the contract. *Id.* Here, the allegation is that the defendants fraudulently induced Ms. Curry to sign a contract, and the contract itself caused immediate damages. *Yuzefovsky* is thus distinguishable. The source of duty rule, at demurrer, will not bar the plaintiff's cause of action for fraudulent inducement.

Second, the defendants argue that the complaint does not state a cause of action for fraud with sufficient specificity, relying on *Mortarino v. Consultant Engineering Services, Inc.*, 251 Va. 289 (1996). The Court finds *Mortarino* distinguishable, as it dealt with statements made to third parties. Here the complaint alleges that "the defendants made these misrepresentations and concealments to induce Ms. Curry to accept the $14,457.36, and to sign over the deed to 408 Lee Avenue, and Ms. Curry relied on them by taking these actions." (Pl. Compl. of April 8, 2009, at ¶

41.) "A demurrer admits the truth of the facts contained in the pleading … as well as any facts that may be reasonably and fairly implied and inferred from those allegations." *DurretteBradshaw, P.C. v. MRC Consulting, L.C.*, 277 Va. 140, 143 (2009). As such, the Court finds that the complaint alleges that the defendants knew or had reason to know that Ms. Curry would rely on the misrepresentations. The Court finds the complaint to state a cause of action for fraudulent inducement, and the demurrer is overruled on this ground.

## IV. Usury

The defendants argue that the complaint fails to state a cause of action for violation of Virginia's usury law, Virginia Code § 6.1-330.55. First, the defendants allege that the transaction was not a loan, but rather a purchase and sale of real property. Plaintiff responds that the transaction was a usurious loan disguised as a sale/buy-back. Plaintiff supports his allegation by pointing to the contract Addendum, which required that Ms. Curry continue to maintain the property, as well as make payments on her mortgage while also paying the monthly rents of $1050 over to "Purchaser." (Pl. Compl. Ex. "Addendum to Contract".) Taking as true the facts in the complaint and any facts that can be reasonably inferred from the allegations, *see DurretteBradshaw*, 277 Va. at 143, the Court finds that the complaint alleges a usurious loan.

Second, the defendants argue that plaintiff cannot proceed under a claim for usury and also under the Virginia Consumer Protection Act because consumer transactions are one exception to Virginia's usury laws. *See* Va. Code § 6.1-330.77. In other words, alleging that the transaction was a consumer transaction precludes the plaintiff from relief under usury laws. The plaintiff responds that defendant overstates the statutory exception for consumer transactions, arguing that the exception applies only when the contract states an interest rate, which the agreement here did not. At demurrer, the court will accept as true the allegation that the defendants are sellers of a foreclosure rescue service, which would fall within the "services" of the exception.

In relevant part, Va. Code § 6.1-330.77 states:

> Any seller of goods or services who extends credit under a closed-end installment credit plan or arrangement may impose finance charges at such rate or rates as may be agreed upon by seller and purchaser.

Viewing the contract documents, it is not clear what "rate or rates" are being charged for the foreclosure rescue service/loan. As such, the Court will infer that Ms. Curry did not "agree[] upon" the actual interest rates that she would have been required to pay to get her house back. The Court therefore finds that the transaction at issue here does not fall within the usury law's statutory exception for consumer transactions.

## V. Consumer Protection Act

The defendants demur to the plaintiff's claim for violation of the Virginia Consumer Protection Act, Va. Code § 59.1-194 *et seq.*, on the grounds that the subject transaction was not a consumer transaction. Specifically, the defendants argue that they cannot be "suppliers" under the statute because they acted as buyers of real estate; in essence, the defendants allege that they were the consumers in this transaction. This argument fails because the complaint alleges that the defendants provided a foreclosure rescue service to Ms. Curry and that they did not purchase her property in the contract, but rather created a usurious loan in the guise of a sell/buy-back.

Next, the defendants argue that the transaction at issue was not for "personal, family, or household purposes" because Ms. Curry used the house on Lee Avenue as an investment property, and that therefore the house was not to be used for personal, family, or household purposes." This argument fails because the service being provided by the defendants is alleged to be a foreclosure rescue of Ms. Curry's home on Port Road, with the Lee Avenue property serving as collateral for the emergency loan. Therefore, the Court finds that the plaintiff has stated a cause of action for a violation of the Virginia Consumer Protection Act, and defendants' demurrer is overruled on this ground.

## VI. Jon Anderson as Agent

The defendant Jon Anderson demurs on the ground that he acted as an agent for his principal, defendant Jon's All About Homes, L.L.C., and that consequently he cannot be liable for the first claim (constructive trust) and second and third causes of action (fraud and usury, respectively). As to the constructive trust, the plaintiff responds that he is not yet certain which defendant has the proceeds of the transaction and, consequently, that it may be necessary to impose the trust on defendant Jon Anderson

personally. The Court agrees with plaintiff and overrules the demurrer as to the constructive trust as applied to Jon Anderson.

The plaintiff argues that the evidence may show that Mr. Anderson was the actor in a usurious loan. Taking into account the fact that Mr. Anderson signed the Addendum personally rather than in his capacity as a corporate officer, the Court finds sufficient facts to state a cause of action against Mr. Anderson personally. Regarding the fraud cause of action, the plaintiff argues that an agent is always liable for his own torts. The Court agrees with plaintiff and overrules the demurrer as to all counts against Jon Anderson personally.

Therefore, the defendants' demurrer is overruled on all grounds.