## CIRCUIT COURT OF FAIRFAX COUNTY

Yong Su Park et al.

v.

Gates Hudson & Assoc., Inc., et al.

May 24, 2011

Case No. CL-2011-1258

By JUDGE R. TERRENCE NEY

This matter came before the Court on May 6, 2011. After considering the pleadings, memoranda, and arguments of counsel, the Court took the matter under advisement. The following embodies the Court's ruling.

### Facts

On December 17, 2008, Plaintiffs Yong Su Park and Chung Ok Jeon (collectively, "Plaintiffs") signed a one year lease for an apartment at Layton Hall Apartments in Fairfax, Virginia. Plaintiffs Young Hwan Park and Young Jin Park are minors and children of Yong Su Park and Chung Ok Jeon.

Soon after moving into the Apartment, Plaintiffs allegedly discovered a bedbug infestation and suffered bites. On May 9, 2009, Plaintiffs moved out of the Apartment.

Defendant Seventeenth Carr is the owner and Defendant Gates Hudson is the landlord of the Layton Hall Apartments (collectively, "Defendants"). Defendant Maryland Termite contracted with Gates Hudson to provide bedbug treatments for Layton Hall Apartments. Maryland Termite is not a party to this Demurrer.

On January 28, 2011, Plaintiffs filed their Complaint with the court alleging Negligence, Gross Negligence, Intentional Infliction of Emotional

Distress ("IIED"), Nuisance, Fraud, Deceptive Trade Practice, and Breach of Contract.

On February 22, 2011, Defendants filed a Demurrer to the Complaint.

*Analysis*

A. *Standard on Demurrer*

"A demurrer admits the truth of the facts contained in the pleading to which it is addressed, as well as any facts that may be reasonably and fairly implied and inferred from those allegations. A demurrer does not, however, admit the correctness of the pleader's conclusions of law." *Yuzefovsky v. St. John's Wood Apts.*, 261 Va. 97, 102, 540 S.E.2d 134, 136-137 (2001), *quoted in DurretteBradshaw, P.C. v. MRC Consulting, L.C.*, 277 Va. 140, 142-43, 670 S.E.2d 704, 705 (2009).

In deciding whether to sustain a demurrer, a trial court must determine "whether the . . . motion for judgment alleged sufficient facts to constitute a foundation in law for the judgment sought, and not merely conclusions of law. To survive a challenge by demurrer, a pleading must be made with sufficient definiteness to enable the court to find the existence of a legal basis for its judgment. In other words, despite the liberality of presentation which the court will indulge, the motion must state a cause of action." *Hubbard v. Dresser, Inc.*, 271 Va. 117, 122-23, 624 S.E.2d 1, 4 (2006) (internal citations omitted).

B. *Economic Loss Rule*

In determining whether a cause of action sounds in contract or tort, the source of the duty violated must be ascertained. In *Oleyar v. Kerr, Trustee*, the Supreme Court of Virginia distinguished between actions for tort and contract:

> If the cause of complaint be for an act of omission or non-feasance which, without proof of a contract to do what was left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists) then the action is founded upon contract, and not upon tort. . . . If, on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship, irrespective of the contract, to take due care, and the defendants are negligent, then the action is one of tort.

217 Va. 88, 90, 225 S.E.2d 398, 399-400 (1976) (quoting Burks, *Pleading and Practice*, § 234 at 406 (4th ed. 1952)).

A party can, in certain circumstances, show both a breach of contract and a tortious breach of duty. *Foreign Mission Bd. v. Wade*, 242 Va. 234, 241, 409 S.E.2d 144, 148 (1991). "The duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." *Richmond Metro. Auth. v. McDevitt, Steet, Bovis*, 256 Va. 553, 558, 507 S.E.2d 344, 346 (1998) (internal citations omitted).

"The primary consideration underlying tort law is the protection of persons and property from injury, while the major consideration underlying contract law is the protection of bargained for expectations." *Filak v. George*, 267 Va. 612, 618, 594 S.E.2d 610, 613 (2004). "The law of torts provides redress only for the violation of certain common law and statutory duties involving the safety of persons and property, which are imposed to protect the broad interests of society." *Id.* "[L]osses suffered as a result of the breach of a duty assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contracts." *Id.*

Here, with one statutory exception, Plaintiffs fail to allege that Defendants owed or breached any common law duty independent of the parties' contract. Rather, this action is solely based on the relationship arising out of the parties' contract, namely, the Lease entered into on December 17, 2008. But for the Lease, no duty by Defendants to Plaintiffs exists.

Plaintiffs cite *Kaltman v. All American Pest Control, Inc.*, for the proposition that a claim of negligence exists independently from a breach of contract. 281 Va. 483, 706 S.E.2d 864 (2011). The facts of *Kaltman* differ from those here. In *Kaltman*, the homeowners hired a pest control company to treat and prevent pest infestation in their home. A commercial grade pesticide was negligently used, which was a breach of the service contract between the parties. Additionally, it was also a breach of a *statutory* duty imposed on the pest control company. *Id.* Here, there was no separate statutory duty *negligently breached* which could result in a separate tort claim.

The Demurrer is sustained as to the Counts for Negligence, Gross Negligence, and Nuisance.

## C. *Fraud in the Inducement*

"[A] false representation of a material fact, constituting an inducement to the contract, on which the purchaser had a right to rely, is always ground for rescission of the contract." *George Robberecht Seafood, Inc. v. Maitland Bros. Co.*, 220 Va. 109, 111-12, 255 S.E.2d 682, 683 (1979) (*quoting Wilson v. Carpenter*, 91 Va. 183, 187, 21 S.E. 243, 244 (1895)). "Fraud in the inducement of a contract is also ground for an action for damages." *Id.* at 112, 255 S.E.2d at 683.

In *Lloyd v. Smith,* the Supreme Court of Virginia said that "an action based upon fraud must aver the misrepresentation of present pre-existing facts, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events. Were the general rule otherwise, every breach of contract could be made the basis of an action in tort for fraud." 150 Va. 132, 145, 142 S.E. 363, 365 (1928); *see also Boykin v. Hermitage Realty,* 234 Va. 26, 29, 360 S.E.2d 177, 178 (1987). *Lloyd,* though, did place qualifications upon the general rule:

> [A]n action in tort for deceit and fraud may sometimes be predicated on promises which are made with a present intention not to perform them. . . . [T]he gist of fraud in such case is not the breach of the agreement to perform, but the fraudulent intent. . . . [T]he fraudulent purposes of the promisor and his false representation of an existing intention to perform . . . is the misrepresentation of a fact. . . . [T]he state of the promisor's mind at the time he makes the promise is a fact, and . . . if he represents his state of mind . . . as being one thing when in fact his purpose is just the contrary, he misrepresents a then existing fact.

*Id.* at 29, 360 S.E.2d at 178-79 (*quoting Lloyd,* 150 Va. at 145-46, 142 S.E. at 365-66).

Here, Plaintiffs allege that Defendants had knowledge that its representations concerning the cleanliness of the Apartment were untrue, that the Defendants acted with the intent to deceive Plaintiffs, and that the Defendants willfully concealed the bedbug infestation. (Compl. ¶¶ 62-67.)

Plaintiffs also allege that Defendants "knew or should have known that there was a serious bedbug infestation at Layton Hall Apartments and also in Plaintiffs' Apartment." (Compl. ¶ 64.) In short, Plaintiffs allege that Defendants made misrepresentations of the condition of the Apartment "with a present intention not to perform" their obligations set out under the Lease.

The fraud alleged by Plaintiffs was perpetrated by Defendants *before* a contract between the parties came into existence. Though perhaps imperfectly alleged in the Complaint, Plaintiffs have sufficiently set out a claim for fraud in the inducement.

The Demurrer is overruled as to this count.

## D. *Intentional Infliction of Emotional Distress*

In order to recover on a claim of intentional infliction of emotional distress, a plaintiff must satisfy four elements of proof. "The plaintiff must show that (1) the wrongdoer's conduct was intentional or reckless; (2) the

conduct was outrageous or intolerable; (3) there was a causal connection between the wrongdoer's conduct and the resulting emotional distress; and (4) the resulting emotional distress was severe." *SuperValu, Inc. v. Johnson*, 276 Va. 356, 369-70, 666 S.E.2d 335, 343 (2008) (internal citations omitted).

Plaintiffs assert that Defendants' conduct, namely, the allegation that the Landlord and Owner knew of the bedbug infestation and did not inform the Plaintiffs, was extreme and outrageous. Defendants' conduct caused mental and emotional distress (Compl. ¶ 51), and was done so intentionally to cause or recklessly caused Plaintiffs' mental and emotional distress. (Compl. ¶ 52.)

Even assuming the truth of the allegations contained in the Complaint, which the Court must do on demurrer, the alleged conduct here is not so intolerable or outrageous that it "offends against the generally accepted standards of decency and morality." *Jordan v. Shands*, 255 Va. 492, 498, 500 S.E.2d 215, 219 (1998). Bedbugs may be a genuine problem, but they hardly offend decency and morality.

Because Plaintiffs' allegations of IIED are merely conclusory and also because they do not rise to the level of intolerance or outrageousness as required, the Demurrer to the IIED count is sustained.

## E. *Virginia Consumer Protection Act*

The Virginia Consumer Protection Act ("VCPA") was enacted with "the intent of the General Assembly that [it] shall be applied as remedial legislation to promote fair and ethical standards of dealings between suppliers and the consuming public." Va. Code Ann. § 59.1-197. It is illegal to "[use] . . . deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction." Va. Code Ann. § 59.1-200(A) (14). In pertinent part, Va. Code Ann. § 59.1-198 defines a "[c]onsumer transaction" as "[t]he advertisement, sale, *lease*, license, or offering for sale, lease, or license of goods or services to be used primarily for personal, family, or household purposes." "Goods" are defined as "all *real*, personal or mixed property, tangible or intangible." *Id.* (emphasis added). Lastly, a "[s]upplier" is defined as "a seller, *lessor* or licensor who advertises, solicits, or engages in consumer transactions." *Id.*

Plaintiffs' assert that Defendants knew of the bedbug infestation pursuant to the reports filed by other tenants *before* Plaintiffs agreed to lease the Apartment.

Because the Owner and the Landlord failed to offer Plaintiffs a "clean, hygienic, pest-free apartment" and because alleged concealment of bedbug infestation constitutes a deceptive trade practice under [the] Virginia Consumer Protection Act" (Compl. ¶ 75), the Demurrer is overruled as to this count.

## F. *Breach of Contract*

The essential elements of a cause of action for breach of contract are (1) a legal obligation of a defendant to the plaintiff, (2) a violation or breach of that right or duty, and (3) a consequential injury or damage to the plaintiff. *Caudill v. Wise Rambler*, 210 Va. 11, 13, 168 S.E.2d 257, 259 (1969).

Here, Plaintiffs assert that they entered into a written Lease with the Landlord. (Compl. ¶ 82.) The Lease specifically stipulates that Plaintiffs agree that the Apartment is in good and satisfactory condition and repair. (Compl. ¶ 83.) The Apartment that the Landlord provided was allegedly not clean, safe, sanitary, or free from vermin. (Compl. ¶ 84.)

Prior to moving in, Plaintiffs performed an inspection of the Apartment. They saw no obvious problems, certainly including no bedbugs. Shortly after moving in, bedbugs were encountered, a defect which would not have been visually obvious.

Defendants agreed to provide a clean and sanitary apartment, and, allegedly, they did not. The elements for a breach of contract have been adequately pleaded.

The Demurrer is overruled as to this count.

## Conclusion

For the reasons stated, the Demurrer is sustained in part and overruled in part.